IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TEIJIN AUTOMOTIVE TECHNOLOGIES )
NA HOLDING CORP., )
)
       Plaintiff, )
)
  v. )    1:24CV159
)
SOMPO AMERICA INSURANCE COMPANY, )
)
       Defendant. )

## ORDER

This case is before the court on the motion by Plaintiff Teijin Automotive Technologies NA Holding Corp. ("Teijin") to strike the counterclaim for declaratory relief by Defendant Sompo America Insurance Company ("Sompo"). (Doc. 38.) Sompo has filed a response in opposition (Doc. 40), and Teijin filed a reply (Doc. 44).

This action arises from Teijin's claim that its insurance policy with Sompo covers losses resulting from the COVID-19 pandemic. Teijin filed its complaint on February 28, 2024, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair and deceptive trade practices. (Doc. 1.) On March 27, 2025, this court denied Sompo's motion to dismiss the complaint. (Doc. 29.) Sompo then filed its answer, raising fifteen affirmative defenses and asserting a counterclaim for a judgment declaring that (1) the insurance

policy's suit limitation provision precludes Teijin's lawsuit; (2) Teijin's losses are not covered by the policy because no direct physical loss, damage, or destruction to property occurred; (3) the Communicable Disease Endorsement does not apply to Teijin's claim; (4) the policy's loss of market and loss of use exclusion bars coverage for Teijin's claim; and (5) the policy's pollution and contamination exclusion bars coverage for Teijin's claim. (Doc. 34.)  Five of Sompo's affirmative defenses raise these same issues.  Teijin moves to strike this counterclaim, arguing that it is redundant and irrelevant because it raises the same legal issues raised by Teijin's complaint and Sompo's affirmative defenses. (Doc. 39.)

Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Whether to grant or deny a motion to strike lies within the discretion of the district court. Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc., 227 F. App'x 239, 246 (4th Cir. 2007) (citing cases).[1]  Courts are wary of striking declaratory judgment counterclaims early in a case because "it is very difficult to determine whether the declaratory-judgment counterclaim really is redundant."  6 Charles Alan Wright

---

[1] Unpublished opinions of the Fourth Circuit are not precedential but are cited for their persuasive, but not controlling, authority.  See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

2

& Arthur R. Miller, Federal Practice & Procedure: Civil § 1406 (3d ed. 2023). Some courts have exercised their Rule 12(f) authority where a "complete identity of legal and factual issues exist[s]" between the complaint and the counterclaim. Penn Mut. Life Ins. Co. v. Norma Espinosa 2007-1 Ins. Tr., No. 09-300, 2010 WL 3023402, at *6 (D. Del. July 30, 2010). Other courts have required at least a "mirror image" between the complaint and the counterclaim. Am. Gen. Life Ins. V. Bagley ex rel Estate of Baur, No. 2:12-cv-89, 2013 WL 5916824, at *3 (D. Utah Nov. 4, 2013).

While Sompo's counterclaim raises issues overlapping with its affirmative defenses, Teijin has not demonstrated that it is entirely redundant. For example, if Teijin were to prevail, the court would have to find that its claim is covered by the policy's Communicable Disease Endorsement. However, if Teijin were not to prevail on that claim, it would possibly only relieve Sompo of liability based on the grounds Teijin alleged, whereas Sompo seeks a declaration that it has no liability for the loss under any portion of the policy.[2] Moreover, if there is complete redundancy as Teijin asserts, Teijin would suffer little or no prejudice in allowing the counterclaim to proceed alongside Teijin's claims.

---

[2] Teijin is correct that "'the parties agreed' that the issues of 'direct physical loss, damage, or destruction to property' . . . and the applicability of the two exclusions . . . 'are no longer relevant.'" (Doc. 39 at 12 (quoting Doc. 29 at 15).) In the absence of a stipulation to that effect, however, the court declines to dismiss the counterclaim based on those grounds.

3

For the reasons stated,

IT IS THEREFORE ORDERED that Teijin's motion to strike Sompo's counterclaim (Doc. 38) is DENIED.

August 1, 2025

/s/   Thomas D. Schroeder
United States District Judge